And the next batter is the Secretary of Labor v. American Furniture. Futurist. Futurist. Futurist. That's exactly my big difference. I get that. I know. I know. I was going to buy some. Pardon me? I was going to buy some. I didn't recall doing dinner. Thank you. Thank you. This is the friend of your life. It's a good morning, sir. I am well, thank you. If it pleases the court, Alfred Putnam. I'm here for Appellant's, I would say, progressive business publications in Edwards Hotel, but I guess the formal name is American Future Systems, doing business as. Three minutes rebuttal, if I could. Okay. This is a case of first impression. That is, we say it is a case of first impression. So why is it a case of first impression? Well, that's exactly what I want to talk about. We say it is a case of first impression, and I recognize that the DOL is acting as if it's not. So why do we say it is a case of first impression? Because we have found no case in which the DOL or anybody else has suggested that an employer can be required to compensate an employee for personal time where the employer has left the employee entirely free, 100% free, to decide when to work and when to stop working, to decide how long he or she wants to work and how long he or she wants to cease working. If it be analysis in Grainer, and I have a library of Grainettes, Armour, all that entire line of cases. It's something that, at least to me, it seems to lead to the conclusion that if you draw a bright line, I know you take issue with whether or not you should draw a bright line, but assume for a second you can draw a bright line. If they can draw a bright line, the case is on a matter of reason. I think there are many cases. I'm not going to argue with that. If we were living in a 9-to-5 workplace, or any workplace, let's just take... Well, you are. You're in an 830-to-5 workplace. No, but I'm not. I'm in an 830-to-5. I agree you can't go before 830 or after 5, but I'm living in a workplace where I'm not telling you how long you have to work, and I'm not telling you how long your breaks have to be. I'm telling you you can't start working before 830 and you can't keep working after 5. I am telling you that. Okay. But other than that, I'm not. And so they're making... Their world depends on the idea that if there's a break, if it's a certain number of minutes, I should have to pay for it. If it's longer than that, maybe I shouldn't have to pay for it. I'm missing your point, I think. Isn't it understood that when your employees are on the computer and making phone calls on behalf of the employer... Yes. ...they are working? Yes. Absolutely. When they shut down and they step away from the computer and they... For more than 30 seconds. ...or go out the door and... Absolutely correct. ...for half an hour, they are not working? That's correct. That is absolutely correct. And what does Section 785 tell you about that? Well, if you want to go to the regs, Section 885... Does it tell you that anything 20 minutes or under, that is, for the benefit of the employer, you have to pay them for that break? Well, you're saying that doesn't apply. I'm saying it doesn't apply, but I'll talk about the regs because I think that's entirely fair, okay? 785 has, it says, first part, considerations, and then under B, subpart, principles for determination of hours worked. And you get to 785.6 and 7 to say what a definition of work is. And then you read 785.7, judicial construction, and it has a line explaining what work is. And by the way, you can find it in the opinions of this court and the Supreme Court. There's nothing controversial about it, but it says quite clearly that there has to be some measure of employer control over the employee. Now, this may be an odd case. You mean during the break? During the break. And even if the measure of control, Judge, is as simple as you have to be back in 15 minutes. But then under point 18, they have made a determination that, given this temporal between 5 and 20 minutes, we're going to say this is basically for the benefit of the employer and it must be counted as work. And we have that. We have, it says that. And it's decided that under, you know, it fulfills, does it fulfill Skidmore deference under Higgins, that we give that deference? No, I think, well, I mean, I'm not. Isn't that where we have to go? No, I think not. And so, if we're going to. Where do we go then? Well, let's just say, 785, would we have anything to tell the court? I'm sure. I am. 785.18 relates to rest breaks. Breaks that are provided for rest so the employees have a chance to, I don't know, take a coffee break. We concede that those are common in industry. And we concede that in industry, when you're calculating what you're doing and calculating the workday, if they're of a certain duration, that we would pay for them. That's not what we're doing. You don't have a rest, these are not rest breaks you're talking about? Are we going to have to analyze, go back and analyze every 12-minute break and say, are they rest or not rest? No, they're not rest breaks. What are they? They are moments when the employee is allowed to stop working. And to rest. Well, he can do whatever he wants. He can do whatever he wants. So are you saying if he gets on a treadmill for 12 minutes, and if that's what he's done, it's not a rest break because he's not resting? I'm saying, exactly right. Wow, and we're going to have to analyze every 12-minute break? No, you don't have to look at any of them. What we're saying is that when you're on the computer and you're working for the employer, it's one thing. When you stop, and you know when you stop, you can stop for as long as you want or as short as you want. You can go have a cigarette, you can go have a cup of coffee, you can go see your mother. So if you go to the bathroom, the employer doesn't have to pay for that five minutes? Is that what you're saying? That is what I'm saying. The employer does not have to pay for that five minutes. And I recognize that there is a fascination on the bathroom break side. No, it's not a fascination. It's a practicality of how are we going to compute this? You don't have to compute any. This is an employer. You don't have to give rest breaks at all. Under the law, you can say you're working from 9 to 11. I don't have to give any rest breaks, including bathroom breaks. That's the law. No one's disputing that. Now, we're living in a world where we say you can take a break whenever you want for as long as you want. But we're only talking about the 20 minute break. No, but you're talking about them coming backwards on it. If you go back and take a look at, for instance, 785.16, which is how they define off-duty. And I recognize it's their off-duty. And I would argue they wrote this contemplating a world in which you had a certain number of hours and you were being told how long your break could be. But they say periods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked. He's not completely relieved. You haven't argued that on appeal. He's not completely relieved from duty and cannot use the time effectively for his own purposes unless he is definitely told in advance that he may leave the job and that he will not have to commence work until a definitely specified hour has arrived. Whether the time is long enough to enable him to use the time effectively for his own purposes depends on the facts and circumstances. Now, the problem with that, though, is that the key language, it seems to me, is as long as the time is sufficiently long for the employee to use it for their own purposes, their position, I believe, is, and they can correct me if I'm wrong, from a policy perspective, there's nothing wrong with the Department of Labor using its expertise to say more than 20 minutes, that's enough time for the employee to do something that pertains only to the employee. Less than 20 minutes, rest break is to rejuvenate the employee to serve as the employee. And I agree with that. And if you were living in a world where you were saying, I'm giving you a rest break and it's going to be 15 minutes or it's going to be 25 minutes, and that's a policy where I'm deciding how long your rest break is, this dialogue that we are having would be a very meaningful dialogue. I, instead, am saying, you may stop working at any time. You may restart at any time. It's entirely up to you. That's all an employer has to do to avoid paying an employee wages. All you have to say is, I'm not going to tell you anything. By the way, you can take a break any time you want, but I'm not going to say anything. That's all the employer has to do hereafter in order to get out of paying the employee compensation. Well, now, but don't, you make that sound like it's a terrifying, evil thing. The fact of the matter is it is. I know if I go to the bathroom, I'm not going to be paid. It would be dangerous to my health. I mean, I recognize when you talk about the bathroom, arguing, cigarette, whatever it is. It's not as if employers are sitting around trying to figure out a way to deprive the employee of the opportunity to take rest breaks. But you have done that. No, what we have done is something different. We're not living in a world where we have 40 hours a week workers. We're living in a world where our workers are on the margins of the workforce and who have needs to take care, flexible time to take care of things. We've made. That's fine. If they do it for their benefit. Well, over 20, over 20 minutes. Let's say they take 25 minutes. They do it for their benefit. You don't have to pay them a thing because it's for their benefit. But suppose, in fact, the world that we or the policy we have designed instead is to say you decide how long it is you need for that period of time. That's where I have a problem. And if you decide that you can do it in 15 minutes, if you need to call your child's school and you do it in 15 minutes as opposed to 25. That will get you out of paying the employee for any break. Well, agreed because we're not treating them as breaks. And we agree that I don't have to give breaks. And understand the reason that we started to do this. What do you do with the predominant benefit test? If the break is for the predominant benefit of the employer, you must pay wages regardless of what you want to call it. But you don't generally, at least I don't find any cases where you go back on a break-by-break basis and decide, oh, well, if it's for that break or that kind of break, it's predominantly for the benefit of the employer. The issue in this case was is the policy, is flex time predominantly for the benefit of the employer or the employee? No, that's too broad a question. You can't draw the question that broadly. What is the remedy here then? What are we being told the remedy here is if they take a break, if they want to get off and it takes five minutes, you tell them to stand down for 20 and you're okay. Could you address good faith before we get to the end? I mean, that's an important piece I would think of this. Okay. Doubling the damages. Well, we're happy to address this. This is a substantial burden. It's a plain substantial burden to show affirmatively good faith here. And how would you say you've met that? Well, I think we put in testimony showing that we looked hard at this policy. You have to understand what business we're in, okay? We've all received calls. I suspect that's right. So one of the issues here is did they, sitting down, have a good faith when they looked at this, believe that this policy was, in fact, consistent with the act? And what was the basis for, what was the showing you made? I think we made a showing that, in fact, we looked at all these cases. I've suggested, in fact, we haven't been able to find one where you have a holding where the employee is absolutely free for as long as the employee chooses. There is no such case. No, but I'm talking about the good faith that they did not have to comply with .18, that they did not have to comply with the payment when the rest break is between 5 and 5 or 20 minutes. Mr. Sotelo said they looked at it on their website, and that seems pretty clear. Well, it's not like when they looked at it they didn't see .18. We don't read .18 as applicable to a situation where the employee has, in fact, ceased working. The fact that you're going back and looking at it retrospectively and say, sure, he could have taken longer. He decided, by the way, the employee decided how long, for his purposes, he needed. But you will credit his decision. You say that, in fact, the Department of Labor gets to choose, and we think that's not correct. We think it arguably could have been under .16, but we actually don't think it's there at all. Did you argue .16 on appeal? I thought that really wasn't part of your argument. I think it is an argument, but the argument we would say is that these regulations don't address this kind of workplace because they haven't seen it before, which is why they're not entitled to the kind of deference that they might otherwise be entitled to because it's new and because it's different. They say they're in favor of innovative thinking. They should have looked at it, and they should have explained to you why it is that it's not in the employee's interest. One last point, just because I needed to get to it. This policy was adopted because the employees, the way our pay scale works, they get paid a bonus based on the number of sales per working hour. When they're on the computer. So you could just as easily have said, take the break, shut down the computer. There are other ways to do it. They are the ones who prefer not to have that break time counted in the denominator. They wish to have the work time, at least some of them. I'm not saying every employee at every time was, but. Okay, thank you. School board. Good morning, your honors. My name is Rachel Goldberg. I represent the Secretary of Labor. This case concerns workers who were paid less than the minimum wage of $7.25 an hour because their employer progressed. They're paid less than the minimum wage if you conclude that the amount of time that's in dispute here counts as work time. If it doesn't count as work time, then they weren't paid less than the minimum wage. That's correct. It's an open question, really. But I think it helps frame it because these are low-wage workers. And my opposing counsel suggested these workers are on the margins of the workforce, and somehow this policy benefits them. The point is these workers earn minimum wage. Flexibility is a very, supposed flexibility has very limited value, I would suggest, for a worker who knows they're not going to be paid if they need to go to the bathroom. Is this really about the nature of the workplace and the workers, or is this about the deference we give to a guideline such as this? What's this case really about? Well, ultimately I think it is about the deference, but of course it's Skidmore deference. And so this court needs to find the department's position a reasonable and persuasive one. But I do think this court in Hoggins has said that the best way to approach that is not for this court to come up with its own interpretation and compare it to the agency's, but rather look at the agency's interpretation and does that make sense? Since the agency has never seen a situation like that, I don't know if that's true or not, but his argument is since the agency has not seen a situation like this, deference would normally pay under Skidmore on the sliding scales down to zero because there's no body of expertise and experience that went into the policy. Well, we might not have seen employers saying, I'm not going to pay you when you need to go to the bathroom or stretch your legs for a few minutes. That might be true, but we have been consistent since 1940 that all breaks of 20 minutes or less must be compensated. And that has very clearly been the department's position from very early on in the FOSAs, after the FOSAs enactment. So while the particulars of this situation, the extreme nature of progressive policy where they pay for absolutely no break, no pause in work is paid for if it's over 90 seconds, that might be a novel situation, yes. But the idea that all breaks of this short duration have to be compensable is not new at all. So all the employer has to do, if the employee goes beyond the 20 minutes, they don't have to get paid. Correct. Is that right? Correct. I mean, you know, it seems like such an interesting concept is the way it's presented when I first got into it. You tell your employees, you know, don't worry about anything. Anytime you want to get off the computer, go ahead. All right. Take all the time you want and go home. Then you can come back. It seems, I mean, the concept is... The concept, yes. In reality, we're talking about very short breaks here. On average, an employee of 20 minutes... Most employees are not going to do what is suggested here, which is take off for an hour or so, because as you say, they're low-wage employees, so they don't want to try to make every dollar they can. I think so. I mean, if they do take off an hour, we're not saying progressive has to pay for that at all. You don't have to pay for anything over 20 minutes. Well, actually, if they extend it over 20 minutes, they don't pay anything for that period. Correct. I mean, progressive makes much of, oh, we're giving such flexibility, such discretion to employees here. But, you know, a couple of points. Flexibility certainly doesn't trump an employee's right to be paid the minimum wage under the statute. And just because they're letting the employees decide how long or when they're going to go to the bathroom, when they're going to stretch their legs, doesn't somehow make what has always been treated... doesn't somehow make it into a non-compensable break. One of the things that concerns me, I guess, about your position, is that it leads to a situation where an employee just takes constantly breaks that are less than 20 minutes, does no work and is paid for it. But your argument, I guess, is that the nature of the job and the nature of the employee in wages is kind of a built-in guidance. I wonder if they don't have to give any breaks at all, as Mr. Putnam argues. Correct. I mean, it's always the employer is in control of the workplace. The employer sets the schedule. The employer sets the break schedule. Here, progressive itself decided the break policy was going to have it. Progressive, as any employer, can say 20 minutes is too long for a paid break. We're only going to give you 15 minutes or cumulatively. And only two a day. If you do more than two a day, then, you know... Yeah, so cumulatively, we're going to give you 30 minutes a day. You can use it however you want, but that's all we're going to give you. And the department has been clear that if an employer does that, and the employee takes an unauthorized exemption, then, okay, there might be a different situation. But it's always been clear that these short, compensable breaks are predominantly benefiting the employer. Well, you just said, though, if they took more than 15 minutes, they could say that we're not going to pay them. But doesn't subsection 8.18 preclude that? Well, what I was referencing in our FOH, we have recognized that there might be situations where an employer says you have two 15-minute breaks, for example, and an employee takes 20 of one of those breaks, extends it to 20. Well, we're going to say as long as the employer has made clear to the employee that that's not authorized, that they'll be disciplined, that the employer doesn't have to pay for that extra five minutes. So it is giving a measure, it's recognizing the realities of the workplace, that the employer has the right and the ability to control the workplace and shouldn't be dinged for employees who are doing something unauthorized. In Babcock, we decided that we would kind of go our own way in terms of the analysis of meal breaks. We didn't find the interpretive guideline to be controlling, and we said it's really on a case-by-case basis. Mr. Sattel says that he looked at cases and looked at cases where everything is decided on a case-by-case basis, and that's basically his good faith evidence, if you will. How is that not sufficient? How did he fail to show good faith for purposes of the liquidated damages?  But right next to it is the short rest break regulation, which makes, I think, in very simple plain language, those breaks must be allotted. That's the question. If you look at the whole smathing of stuff that's out there, let's assume that a person got into these cases and tried to make sense of them for him or herself, and saw the cases, and Grant says one of them in Mr. Parton's brief, I'm using the language in that brief that talks about individualized circumstances, case-by-case analysis. If Mr. Sattel saw that language and concluded from that language that, well, those cases really don't deal with this kind of situation. In my case, that subsection 18 does not apply. What is wrong with that being consistent with good faith? I think that's what we're trying to get at. Well, even if he concluded that it wasn't a fact by case-by-case determination, what he did, what he reviewed was not enough for him to say, my policy is definitely legal and I'm going to go forward. I mean, if anything, he should have taken further steps. He should have called the Department of Labor's regional office, something. I don't know any basis for him to have concluded an employee who takes a few minutes to use the bathroom, I don't have to pay for that. No case has ever held that. Do you think the regulation is so clear that there's no room for misinterpreting exactly what its import is, 785? I think that it is very clear, Your Honor. I do think it's very clear that it says these short rest breaks must be hours worked. And if you look at the case law, even those cases where the facts and circumstances was the analysis that the court applied, they all either say it's compensable or they remand it to the district court or say it's a factual issue that needs to be decided. I don't know what basis, based on that and the regulations and the opinion letters, if he reviewed any, what basis that provided him to conclude that his blanket policy for paying for absolutely no breaks at all was legal. Besides, I mean, there's the additional factor of he has to have a reasonable, objective basis for believing that that was legal, apart from his good faith. It fails on that as well, Your Honors. Turning back to the bright line rule and the flexibility here, one other thing that I think is useful to consider, they keep talking about how the workplace is so different than it used to be at Progressive, but the fundamentals of the FLSA, what is working time, it has not changed over the years. We have had longstanding rules, the continuous workday where you start work and you stop work, and you don't break up the workday into these little pieces of time, which is what Progressive is trying to do. It's a really novel and unprecedented approach. That's part of his argument, though. That's exactly what he's arguing. That is exactly what he's arguing, and there's just no basis in the law for it. Can you be at work and do nothing? If the employer can hire you. Yeah, sometimes I stare out the window for a couple of minutes. Actually, as I understand it, the firefighters are on call. They're basically doing nothing, but they have to get paid while they're waiting on call, waiting for an emergency. Certainly, and courts have long recognized that one large definition of work is waiting, is engaged. Emergency workers, you have to say that they're working while they're waiting for the moment when they actually physically have to be engaged in what their job calls for. The purpose of their waiting benefits the employer. Correct, and that is a theme that runs throughout, but that's what's also underlying the Bright Line rule here is that these short breaks, because of their short duration, are not predominantly benefiting the employee. Certainly, an employee benefits from being able to stretch your legs or get something to drink, but the employer is the one that's predominantly benefiting when it's such a short break for common sense reasons. We return to work refocused, re-energized, better morale. Knowing that you're not getting paid if you have to go to the bathroom, I would suggest might not be best for morale. Or for health. Or for health. It depends on how people react. I mean, Jennifer, though you were asking early on, you know, does it matter what you do during the break? Does it matter if you're resting or running on a treadmill? And we've long said it does not matter what an employee does during a short break. Different people rest in different ways. That's kind of a good practical reason why to have the guideline. Otherwise, you'd be, you know, how many angels on the head of a pin? Exactly. A guideline rule makes a lot of sense for this particular situation. We've never advocated it for meal breaks, for example. That's a longer period of time, and so more facts come into play. But with these short rest breaks, it really does make sense. Administrability. Has it been contested before? Not to the degree here. I am not aware of it. I mean, Mr. Putnam said it is a case of first impression. I think it is. But then again, it's never been questioned. Exactly. I mean, it is. We would not deny that this is a case of first impression at the court of appeals level, that there be a bright line rule. But I think that's partly because, frankly, we haven't encountered many employers with such an extreme policy as this. But Section 19.9 does go on meal breaks. Do I misunderstand you? You said things like meals that might be more fact specific. Longer periods of time, yeah. Then I think it's reasonable to get into a more factual analysis. But under 19, you don't do that.  But we did it in Backhawk. Backhawk. And frankly, the department in our application of the meal break regulation has taken a more practical approach. That it's not just limited. Correct. In all honesty, I don't know the ins and outs of all of our opinion letters on that issue over the years. But I know that in several cases, we have taken a more practical approach to analyzing whether meal breaks are... Did you, in this case, investigate... I mean, it was brought to your attention, but the Department of Labor, did you investigate and send a letter out saying, you know, this is a bad practice, maybe you should stop it? Did you give some sort of warning? My understanding, and I wasn't the trial attorney, but my understanding is, yes, we are investigators. We have our investigators meet with the employer, talk about the policy and why we think it's wrong, and ask them to come into compliance. And here, my understanding is, Progressive refused to do so. But was that on the record, though? No, and that's just my understanding. I certainly wouldn't want to claim it to the court, but... If the court has no further questions, thank you very much. Well, let's just take a couple of those points as they came up. If these regulations are so clear, the one that we're told that we're under is 18, and it covers less periods of short duration, running from 5 minutes to about 20 minutes. Now, you can't tell me that regulation covers less periods of 3 minutes, because it doesn't. It says 5 minutes to 20 minutes. Now... I wonder about that, too. Why the 5-minute threshold? I think it's describing a different world where employers give rest periods and define their duration. And everybody knows you don't give rest periods of 3 minutes. You've got a 5-minute rest period, you've got a 10 o'clock, you've got coffee. What do you do with the clarity of regulation 785? It says you have to compensate an employee for periods of 20 minutes or less. I think if you read the entirety of 785, the whole thing, you go back to judicial construction about when it is that you're employed. And if you are not subject... Do you mean working or doing? Working. And if you're... Well, in-employed, I think the definition is... So if we determine that somebody gets off for 20 minutes or less and goes to the bathroom or goes to an adjoining room and plays cards for 19 minutes, and we determine that that is actually working, you would have to pay. Well, I... I would disagree. Well, what's the benefit of employers? I understand that if you make some determinations, it's likely that they will have consequence for being involved in what it is. But they did an arm war when it was assessing whether firefighters are working or not, and it says, look, they're on call. They're doing nothing. But we're not arguing that they're not on call. They're subject to the control of their employer. It's a definition of working, and you're choosing to define working as something as physical, engaging... No, I'm not. No, I'm not. I really don't want to be misunderstood. I don't require that at all. I have... I want to adjourn any control at all. He doesn't have to wait for me. He doesn't have to stay there. He doesn't... He can do anything he wants. If your employee gets off the computer and logs off and steps away from the computer and sits down for 19 minutes, you're saying you would have to pay that employee? I am saying that no matter what he does, he stopped working, and I've told him you're interested in the fact whether it's 19 or 21. I'm interested in the fact that he's a free person to make his own judgments, and it will take him as long as he wants to do whatever it is he wants. And you do not have a case, with all due respect, there's not one where the employer has said, I do not control any aspect of what this employee does. No aspect. And all of your cases from... Get the mic. Tennessee Coal, Armor, all the Supreme Court cases make it clear there's an issue. Is he exerting himself? Is he working? But all of them say the employer has a measure of control. The argument you just heard has said, oh, well, I retain the power to do all these things. I admit I retain them if I change my policy, but I don't. The policy that I've enacted says I am not messing with you at all. And you don't have a case, with all respect, that says once I say that, that they're still subject to my control. Why? Because they both focus on the power to control. But the fact that it's for the benefit, these breaks are for the benefit of the employer. The 20-minute or less break is for the benefit of the employer. The record here is substantiated that because of the tension of the job, the juxtaposition of the employees next to one another. Well, I mean, you can go dig through that, and, yes, we have our argument, and we make our argument that it's for the benefit of the employee. So you're saying only when the employer has a measure of control over the employee do you have to pay? Some. Well, you can get into a debate then as to whether how long the break is. I'm not saying 18 is invalid. I'm not saying 16 is invalid. No. I'm saying if you haven't got anything at all, you are no longer within the definition of employee or work. And those are statutory things that are not in here. It's for the courts to decide. I could see it if the employee maybe left the building and walked out and just left. But if I were an employee that logged off the computer and I wanted to take 20 minutes, I wouldn't want you to control me. I'm going to take a break. This is my time. No, but in all of the other cases, Judge, you know that you have to be back within 15 minutes. In my case, you don't. You're free. You are free from that moment, and I am not trying to constrain your break. You are now coming backwards at me and saying, yeah, but it turned out that a lot of them decided they'd do 10 minutes. Others did an hour and a quarter. And I'm going to make a decision. I made them free from the moment they got off the computer. That's up to them. And all of these regs, if you read them carefully, say if it's enough to allow him to do what he wants. Well, if he decides what he does what he wants, why are you going to tell him he can't decide? Well, if you say it's enough, it's a matter of time. It's not power to control. Unfortunately, power to control really isn't the test. This is predominant benefit, and the determination has been made that the time duration has implications for that. I respectfully disagree, although I'm happy to argue about predominant benefit. I believe the cases are clear, that if there is no control of any kind by the employer, that they're not working. And that's the law. And if you can get cases that say otherwise, turning back to good faith, then maybe my guys should have found them. But we haven't yet. And if, in fact, we come to the conclusion that you don't have any, then at least, on good faith, we have a right to come in here and submit that all of this deals with a different place in time and not this. That's a quick point, and I'm sorry. Judge, if I may, we do refer to all of the regs. They say they should be consistently. I'm not sure I would want to say that 16 is absolutely the right one, but we are saying that all of them say the same thing, and you can look to them in that way. I'm done. Thank you. Thank you. Two things. One, I think it would be helpful to get a transcript of the argument, and you can check. It doesn't matter about that. But I'd also like to invite our colleagues to come back to the room. And, Ms. Mata, if you can have them come back to the room. He means Japanese. Japanese. Okay. There are colleagues from Philadelphia and Washington, D.C. Judge Tataro and his colleagues. They have to come back and meet us.